IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:14-CR-105 |
| QUANTAYVEOUS JAMARR FARRIS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 16, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

Quantayveous Jamarr Farris was sentenced on November 9, 2016, before The Honorable Amos L. Mazzant of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess or Sell Stolen Firearms, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of III, was 41 to 51 months. As a result of a variance granted by the Court, Quantayveous Jamarr Farris was subsequently sentenced to 30 months imprisonment followed by a 1-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing & treatment; obtain GED; and pay a $100 MSA. On November 1, 2019, Quantayveous Jamarr Farris completed his period of imprisonment and began service of the supervision term.

REPORT AND RECOMMENDATION – Page 1

On March 3, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 262, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) [the defendant] must refrain from any unlawful use of a controlled substance; (2) After initially reporting to the probation office, [defendant] will receive instructions from the court or the probation officer about how and when [defendant] must report to the probation officer, and [defendant] must report to the probation officer as instructed; (3) [the defendant] must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses [defendant] from doing so. If [defendant does] not have full-time employment [defendant] must try to find full-time employment, unless the probation officer excuses [defendant] from doing so. If [defendant] plan[s] to change where [defendant] work[s] or anything about [defendant's] work (such as your position or your job responsibilities), [defendant] must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, [defendant] must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) [the defendant] must not communicate or interact with someone [defendant] know[s] is engaged in criminal activity. If [defendant] know[s] someone has been convicted of a felony, [defendant] must not knowingly communicate or interact with that person without first getting the permission of the probation officer; and (5) If [defendant is] arrested or questioned by a law enforcement officer, [defendant] must notify the probation officer within 72 hours.

The Petition alleges that Defendant committed the following acts: (1) Mr. Farris submitted urine specimens on November 18, 2019; December 16, 2019; December 30, 2019; and February 4, 2020, that tested positive for marijuana. Additionally, during a phone conversation on February 25, 2020, Mr. Farris admitted to using marijuana on February 24, 2020. On all of the

aforementioned occasions, Mr. Farris either admitted to marijuana usage and/or the specimens were confirmed positive by Alere Toxicology Services, Inc.; (2) Mr. Farris failed to report for scheduled office visits at the U.S. Probation Office in Dallas, TX, on November 12, 2019, and failed to report to the U.S. Probation Office in Plano, TX, on January 16, 2020; (3) Mr. Farris has failed to secure employment since the commencement of his term of supervised release; (4) On January 28, 2020, Dallas, TX, Police Department officers made contact with Mr. Farris, who was a passenger in a vehicle driven by Jimmy Markell Chisolm, who is a convicted felon. Mr. Chisolm was arrested for unlawful possession of a firearm by a felon, as two handguns were located in his vehicle; one on the front driver's side floorboard area and another on the rear driver's side floorboard area. Mr. Chisolm was also arrested on outstanding warrants from the Dallas County Sheriff's Office, and was reportedly considered a person of interest by the Dallas Police Department in a capital murder case. Mr. Farris was released from the scene without any charges; and (5) Mr. Farris failed to notify the probation officer of his contact with the Dallas, TX, Police Department on January 28, 2020.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 9th day of April, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE